## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| ACCESS POINT FINANCIAL, LLC, as servicer for APF – CPX I, LLC and ACCESS POINT FINANCIAL, LLC, as servicer for APF – CRE I, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> BALDEV JOHAL and BALBIR GOSAL, <br><br> Defendants. | CIVIL ACTION FILE NO.: <br> _____ |

## **COMPLAINT**

Plaintiffs Access Point Financial, LLC as servicer for APF – CPX I, LLC ("APF-CPX") and Access Point Financial, LLC as servicer for APF – CRE I, LLC ("APF-CRE" and collectively with APF-CPX, "Plaintiffs") file this Complaint for damages against Defendants Baldev Johal, and Balbir Gosal (collectively, "Guarantors," or "Defendants"), respectfully showing this Court as follows:

### **Parties, Jurisdiction, and Venue**

1.      Access Point Financial, LLC is a limited liability company organized and existing under the laws of the state of Delaware with its principal office in DeKalb County, Georgia, acting as servicer for APF-CPX and APF-CRE.  Access

Point Financial, LLC's membership consists of WCP APF Sub Holdings Inc., a corporation organized under the laws of the State of Delaware with its principal place of business in New York, New York.

2.     APF – CPX I, LLC is a limited liability company organized and existing under the laws of the state of Delaware with its principal office in DeKalb County, Georgia.  APF – CPX I, LLC's membership consists of Access Point Financial, LLC (as successor to Access Point Financial, Inc.) and special member Donald Puglisi, an individual and citizen of Delaware.

3.     APF – CRE I, LLC is a limited liability company organized and existing under the laws of the state of Delaware with its principal office in DeKalb County, Georgia.  APF – CRE I, LLC's membership consists of Access Point Financial, LLC (as successor to Access Point Financial, Inc.) and special member Donald Puglisi, an individual and citizen of Delaware.

4.     Baldev Johal is an individual resident of the state of Nevada and may be served with process at 1441 Copper Point Circle, Reno, Nevada 89519 or wherever he may be found.

5.     Balbir Gosal is an individual resident of the state of Nevada and may be served with process at 5851 S. Virginia Ave., Reno, Nevada 89502 or wherever she may be found.

6.     This Court has original jurisdiction of this case pursuant to 28 U.S.C. § 1332.

7.     Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b)(2).

8.     Additionally, pursuant to the forum selection clauses contained in section 14(g) of the CapEx Guaranty and section 15(g) of the Mortgage Guaranty (defined below), jurisdiction and venue are proper in this Court.

## Facts

### *The CapEx Loan*

9.     On or about November 15, 2019, YC Atlanta Hotel, LLC ("YC Atlanta" or "Borrower") executed and delivered to Access Point Financial, LLC ("Access Point") at its Georgia address that certain Promissory Note, in the original amount of $2,200,000.00 (as may have been amended, modified, restated, and/or supplemented from time to time, the "CapEx Note") for a loan in the same amount (the "CapEx Loan"). A true and correct copy of the CapEx Note is attached hereto as **Exhibit A** and incorporated by reference.

10.     On or about November 15, 2019 and to secure the CapEx Loan, the Borrower executed and delivered to Access Point at its Georgia address that certain CapEx Loan and Security Agreement in the amount of $2,200,000.00 (as may have

been amended, modified, restated, and/or supplemented from time to time, the "CapEx Loan Agreement"). The CapEx Loan Agreement granted Access Point a first priority security interest in, among other things, any and all furnishings, fixtures and equipment, as more specifically described in the CapEx Loan Agreement (collectively, the "Collateral"). A true and correct copy of the CapEx Loan Agreement is attached hereto as **Exhibit B** and incorporated by reference.

11.     Section 8 of the CapEx Note incorporated by reference "[a]ll of the terms, covenants, provisions, conditions, stipulations, promises and agreements contained in the [CapEx Loan Agreement] . . . to the same extent and with the same force and effect as if they were fully set forth [t]herein . . ."

12.     On or about November 13, 2019 and to further secure the CapEx Loan, Guarantors executed and delivered to Access Point at its Georgia address that certain Guaranty Agreement (the "CapEx Guaranty") pursuant to which they irrevocably, absolutely, and unconditionally guaranteed to Access Point the prompt payment when due, of all amounts owed by the Borrower to Access Point under the CapEx Note and CapEx Loan Agreement. A true and correct copy of the CapEx Guaranty is attached hereto as **Exhibit C** and incorporated by reference.

13.     Access Point subsequently assigned the CapEx Loan and related loan documents to APF-CPX, on a servicing retained basis.

4

45014524 v6

14.    On or about April 1, 2020, the Borrower, Guarantors, YC Fernley Hotel LLC ("YC Fernley"), and Access Point, as loan servicer for APF-CPX, entered into that certain COVID-19 Forbearance Agreement (the "CapEx Forbearance Agreement") whereby Access Point agreed to forbear from collection of all monthly payments of interest due under the CapEx Loan commencing April 1, 2020 and expiring on June 30, 2020 (the "CapEx Forbearance Period"). A true and correct copy of the CapEx Forbearance Agreement is attached hereto as **Exhibit D** and incorporated by reference.

15.    In Section 4 of the CapEx Forbearance Agreement, the Borrower, Guarantors, and YC Fernley acknowledged that the outstanding balance of the CapEx Note as of March 31, 2020, exclusive of attorneys' fees, was as follows:

| | |
|---|---|
| Principal | $   2,200,000.0 |
| Interest | $        17,523.60 |
| TOTAL: | $   2,217,523.60 |

16.    In Section 10 of the CapEx Forbearance Agreement, the Borrower, Guarantors, and YC Fernley ratified and reaffirmed their respective obligations under the CapEx Loan and ratified and reaffirmed all the provisions of the related loan documents, except as expressly amended by the CapEx Forbearance Agreement.

45014524 v6

17.     On or about July 1, 2020, the Borrower, Guarantors, YC Fernley, and Access Point, as loan servicer for APF-CPX, entered into that certain First Amendment to Covid-19 Forbearance Agreement (the "CapEx Forbearance Amendment") whereby Access Point agreed to forbear from collection of all monthly payments of interest due under the CapEx Loan commencing July 1, 2020 and expiring on September 30, 2020 (the "Extended CapEx Forbearance Period"). A true and correct copy of the CapEx Forbearance Amendment is attached hereto as **Exhibit E** and incorporated by reference.

18.     The CapEx Note, the CapEx Loan Agreement, the CapEx Guaranty, the CapEx Forbearance Agreement, the CapEx Forbearance Amendment, and all other documents related to the CapEx Loan shall be referred to collectively herein as the "CapEx Loan Documents."

### *The Mortgage Loan*

19.     On or about November 15, 2019, the Borrower executed and delivered to Access Point at its Georgia address that certain Promissory Note, in the original amount of $9,236,000.00 (as may have been amended, modified, restated, and/or supplemented from time to time, the "Mortgage Note") for a loan in the same amount (the "Mortgage Loan"). A true and correct copy of the Mortgage Note is attached hereto as **Exhibit F** and incorporated by reference.

6

20.     On or about November 15, 2019 and to secure the Mortgage Loan, the Borrower executed and delivered to Access Point at its Georgia address that certain Deed to Secure Deed and Security Agreement in the amount of $9,236,000.00 (as may have been amended, modified, restated, and/or supplemented from time to time, the "Security Deed"). The Security Deed granted Access Point a first priority security interest in, among other things, the "Land", as defined in the Security Deed. The Security Deed was recorded on November 19, 2019 in the deed records of Fulton County, Georgia at Book 60817, Page 281. A true and correct copy of the recorded Security Deed is attached hereto as **Exhibit G** and incorporated by reference.

21.     On or about November 15, 2019 and to further secure the Mortgage Loan, the Borrower executed and delivered to Access Point at its Georgia address that certain Assignment of Leases and Rents, which was recorded on November 19, 2019 in the real property records of Fulton County, Georgia as Instrument No. 20190382186, Book 60817, Page 313 (the "Assignment of Leases and Rents").  A true and correct copy of the recorded Assignment of Leases and Rents is attached hereto as **Exhibit H** and incorporated herein.

22.     On or about November 13, 2019 and to further secure the Mortgage Loan, Guarantors executed and delivered to Access Point at its Georgia address

that certain Guaranty Agreement (the "<u>Mortgage Guaranty</u>" and together with the CapEx Guaranty, the "<u>Guaranties</u>") pursuant to which they irrevocably, absolutely, and unconditionally guaranteed to Access Point the prompt payment when due, of all amounts owed by the Borrower to Access Point under the Mortgage Note and Security Deed. A true and correct copy of the Mortgage Guaranty is attached hereto as **Exhibit I** and incorporated by reference.

23.    Access Point subsequently assigned the Mortgage Loan and related loan documents to APF-CRE, on a servicing retained basis.

24.    On or about April 1, 2020, the Borrower, Guarantors, YC Fernley, and Access Point, as loan servicer for APF-CRE, entered into that certain COVID-19 Forbearance Agreement (the "<u>Mortgage Forbearance Agreement</u>") whereby Access Point agreed to forbear from collection of all monthly payments of interest due under the Mortgage Loan commencing April 1, 2020 and expiring on June 30, 2020 (the "<u>Mortgage Forbearance Period</u>"). A true and correct copy of the Mortgage Forbearance Agreement is attached hereto as **Exhibit J** and incorporated by reference.

25.    In Section 4 of the Mortgage Forbearance Agreement, the Borrower, Guarantors, and YC Fernley acknowledged that the outstanding balance of the Mortgage Note as of March 31, 2020, exclusive of attorneys' fees, was as follows:

8

| Principal | $ 9,236,000.00 |
|---|---|
| Interest | $ 79,532.22 |
| TOTAL: | $ 9,315,532.22 |

26.     In Section 10 of the Mortgage Forbearance Agreement, the Borrower, Guarantors, and YC Fernley ratified and reaffirmed their respective obligations under the Mortgage Loan and ratified and reaffirmed all the provisions of the related loan documents, except as expressly amended by the Mortgage Forbearance Agreement.

27.     On or about July 1, 2020, the Borrower, Guarantors, YC Fernley, and Access Point, as loan servicer for APF-CRE, entered into that certain First Amendment to Covid-19 Forbearance Agreement (the "Mortgage Forbearance Amendment") whereby Access Point agreed to forbear from collection of all monthly payments of interest due under the Mortgage Loan commencing July 1, 2020 and expiring on September 30, 2020 (the "Extended Mortgage Forbearance Period"). A true and correct copy of the Mortgage Forbearance Amendment is attached hereto as **Exhibit K** and incorporated by reference.

28.     The Mortgage Note, the Security Deed, the Mortgage Guaranty, the Mortgage Forbearance Agreement, the Mortgage Forbearance Amendment, and all other documents related to the Mortgage Loan shall be referred to collectively herein as the "Mortgage Loan Documents."

29.     The CapEx Loan Documents and the Mortgage Loan Documents shall be referred to collectively herein as the "Loan Documents."

*The Default*

30.     The Borrower failed to pay monthly payments under the Loan Documents as and when due.

31.     The Mortgage Note matured by its own terms on November 1, 2020.

32.     The Borrower failed to pay the Mortgage Note upon occurrence of the Maturity Date (as defined in the Mortgage Note).

33.     Defendants defaulted under the Guaranties by, among other reasons, failing to pay the indebtedness owed by Borrower to Access Point when due (the "Existing Default").

34.     By letter dated January 21, 2021, Access Point provided notice to the Borrower and the Defendants of their defaults pursuant to the Loan Documents and demanded payment of all sums due and payable under the CapEx Loan and the Mortgage Loan (the "Notice of Default"). A true and correct copy of the Notice of Default is attached hereto as **Exhibit L** and incorporated by reference.

35.     In the Notice of Default, Access Point also notified the Borrower, Guarantors, and YC Fernley that, pursuant to O.C.G.A. § 13-1-11, the attorneys' fees provisions under the Loan Documents would be enforced, such that unless all

10

amounts due and owing were paid by the Borrower or Guarantors within ten (10) days from the receipt of the Notice of Default, the Borrower, Guarantors, and YC Fernley would be liable for reasonable attorneys' fees and costs.

36.    The Borrower and Guarantors failed to pay Access Point as demanded within ten (10) days of their receipt of the Notice of Default.

37.    As of February 18, 2021, principal, accrued but unpaid interest, and late charges outstanding under the Loan Documents are as follows:

**CAPEX LOAN:**

| | | |
|---|---|---|
| Principal | $ | 2,200,000.00 |
| Interest (09/01/2020 – 02/28/2021) | $ | 102,315.28 |
| Default Interest (10/11/2020 – 02/18/2021) | $ | 70,048.61 |
| Deferred Interest (03/01/2020 – 02/18/2021) | $ | 110,828.23 |
| Interest on Loan Interest Advance[1] | | 6,306.90 |
| UCC Release Fee | $ | 400.00 |
| Late Fee | $ | 6,076.74 |
| Payoff Quote Fee | $ | 250.00 |
| Exit Fee @ 1% | $ | 22,000.00 |
| TOTAL: | $ | 2,518,225.76 |
| | | |
| Per Diem Interest: | $ | 1,100.00 |

**MORTGAGE LOAN:**

| | | |
|---|---|---|
| Principal | $ | 9,236,000.00 |
| Interest (09/01/2020 – 02/28/2021) | $ | 464,365.56 |

---

[1] "Loan Interest Advance" shall have the meaning ascribed to it in the CapEx Forbearance Agreement and Mortgage Forbearance Agreement, respectively.

45014524 v6

| | | |
|---|---|---:|
| Default Interest (10/11/2020 – 02/18/2021) | $ | 180,871.67 |
| Deferred Interest (03/01/2020 – 02/18/2021) | $ | 505,591.33 |
| Interest on Loan Interest Advance | $ | 31,013.73 |
| UCC Release Fee | $ | 600.00 |
| Release of Intercreditor Agreement | $ | 200.00 |
| Release Prep Fees | $ | 400.00 |
| Recording Fees | $ | 300.00 |
| Late Fee | $ | 15,440.20 |
| Payoff Quote Fee | $ | 250.00 |
| Exit Fee @ 1% | $ | 92,360.00 |
| TOTAL: | $ | 10,527,392.49 |
| | | |
| Per Diem Interest: | $ | 3,848.33 |

38.     The aforementioned outstanding principal, accrued but unpaid interest, and late charges outstanding under the Loan Documents are exclusive of costs of collection and attorneys' fees available under the Loan Documents and applicable law.

39.     Additional interest, fees, costs and charges have continued to accrue and continue to accrue under the Loan Documents from February 18, 2021 going forward.

## COUNT I – BREACH OF CONTRACT
*(against Guarantors)*

45014524 v6

40.    The foregoing paragraphs of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

41.    The CapEx Guaranty is a valid and enforceable contract between APF-CPX and Guarantors.

42.    APF-CPX fully performed its obligations under the CapEx Guaranty.

43.    Under the CapEx Guaranty, Guarantors "irrevocably, absolutely and unconditionally guarantee[d] to [APF-CPX] the prompt payment when due, whether at stated maturity, by acceleration or otherwise, of . . . the principal sum evidenced by the [CapEx] Note and secured by the [CapEx Loan Agreement], or so much thereof as may be outstanding from time to time, together with interest thereon at the rates of interest specified in the [CapEx] Note, late fees, prepayment consideration, and all other sums which may or shall become due and payable pursuant to the provisions of the [CapEx] Loan Documents."

44.    Guarantors breached the CapEx Guaranty by failing to pay to APF-CPX all amounts due by the Borrower under the CapEx Note upon demand for same.

45.    APF-CPX was damaged as a result of the breach of contract described above.

45014524 v6

46.     APC-CPX is entitled to recover from Guarantors, jointly and severally, all amounts due, owing, and accruing under the CapEx Loan Documents and applicable law, including but not limited to, the amount due and payable under the CapEx Note as of February 18, 2021 in the total amount of $2,518,225.76, consisting of $2,200,000.00 in principal, $283,192.12 in accrued interest, $6,306.90 in accrued interest on Loan Interest Advance, and $28,726.74 in fees, with additional interest accruing at the combined (contract and default interest rate) amount of $1,100.00 per day, plus such further interest on Loan Interest Advance, expenses, costs, and attorneys' fees as the same have accrued and continue to accrue.

## COUNT II – BREACH OF CONTRACT
*(against Guarantors)*

47.     The foregoing paragraphs of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

48.     The Mortgage Guaranty is a valid and enforceable contract between APF-CRE and Guarantors.

49.     APF-CRE fully performed its obligations under the CapEx Guaranty.

50.     Under the Mortgage Guaranty, Guarantors "irrevocably, absolutely and unconditionally guarantee[d] to [APF-CRE] the prompt payment when due,

14

whether at stated maturity, by acceleration or otherwise, of . . . the principal sum evidenced by the [Mortgage] Note and secured by the [Security Deed], or so much thereof as may be outstanding from time to time, together with interest thereon at the rates of interest specified in the [Mortgage] Note, late fees, prepayment consideration, and all other sums which may or shall become due and payable pursuant to the provisions of the [Mortgage] Loan Documents."

51.     Guarantors breached the Mortgage Guaranty by failing to pay to APF-CRE all amounts due by the Borrower under the Mortgage Note upon demand for same.

52.     APF-CRE was damaged as a result of the breach of contract described above.

53.     APF-CRE is entitled to recover from Guarantors, jointly and severally, all amounts due, owing, and accruing under the Mortgage Loan Documents and applicable law, including but not limited to, the amount due and payable under the Mortgage Note as of February 18, 2021 in the total amount of $10,527,392.49, consisting of $9,236,000.00 in principal, $1,150,828.56 in accrued interest, $31,013.73 in accrued interest on Loan Interest Advance, and $109,550.20 in fees, with additional interest accruing at the combined (contract and default interest rate) amount of $3,848.33 per day, plus such further interest on Loan

Interest Advance, expenses, costs, and attorneys' fees as the same have accrued and continue to accrue.

## COUNT III – UNJUST ENRICHMENT
*(against all Defendants)*

54.     The foregoing paragraphs of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

55.     Plaintiffs provided Defendants a valuable service by advancing money to the Borrower under the CapEx Note and Mortgage Note (collectively, the "Notes") and the CapEx Loan Agreement and Security Deed (collectively, the "Loan Agreements").

56.     Defendants requested and knowingly accepted the benefits accruing under the Notes and the Loan Agreements.

57.     Defendants' receipt of the aforementioned benefits would be unjust without compensating Plaintiffs.

58.     Defendants have been unjustly enriched in the amount of the outstanding unpaid principal and interest under the Notes and the Loan Agreements, plus expenses, costs, and attorneys' fees.

59.     Defendants, in fairness and good conscience, should remit to Plaintiffs the extent of the value conferred, which includes all amounts due, owing, and

16

accruing under the Notes, the Loan Agreements, related Loan Documents, and applicable law, including but not limited to, the amount due and payable under the CapEx Note and the Mortgage Note as of February 18, 2021 in the total amount of $13,045,618.25, consisting of $11,436,000.00 in principal, $1,434,020.68 in accrued interest, $37,320.63 in accrued interest on Loan Interest Advance, and $138,276.94 in fees, with additional interest accruing at the combined (contract and default interest rate) amount of $4,948.33 per day, plus such further interest on Loan Interest Advance, expenses, costs, and attorneys' fees as the same have accrued and continue to accrue under the Loan Documents.

## COUNT IV – ATTORNEYS' FEES AND COSTS UNDER O.C.G.A. § 13-1-11
*(against all Defendants)*

60.   The foregoing paragraphs of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

61.   Pursuant to the Loan Documents, Defendants are required to pay Plaintiffs all costs, including reasonable attorneys' fees and expenses, incurred by Plaintiffs in enforcing performance or collecting any payments due under the Loan Documents.

45014524 v6

62.     Moreover, Access Point, as servicer for APF-CPX and APF-CRE, made demand upon Defendants for their attorneys' fees and costs pursuant to O.C.G.A. § 13-1-11, on January 21, 2021.

63.     To the extent that the requisite notice may not have been provided in the Notice of Default, Plaintiffs hereby invoke the provisions in the Loan Documents concerning payment by Defendants of attorneys' fees to Plaintiffs in addition to any principal and interest and other amounts due Plaintiffs in accordance with O.C.G.A. §13-1-11. Defendants are hereby advised that they are responsible for payment of attorneys' fees owing under the Loan Documents. Defendants have ten (10) days after receipt of this notice to cure completely the defaults identified in this notice to avoid incurring the obligation to pay Plaintiffs' attorneys' fees as more particularly provided pursuant to O.C.G.A. §13-1-11.

64.     As of the date of this Complaint, the Borrower and Guarantors have failed to pay Plaintiffs the amounts outstanding under the Loan Documents.

65.     As Defendants failed to make the requisite payment within ten (10) days of the Notice of Default, Plaintiffs are entitled to judgment in their favor for statutory attorneys' fees calculated by reference to O.C.G.A. § 13-1-11.

## COUNT V – ATTORNEYS' FEES AND COSTS UNDER O.C.G.A. § 13-6-11
*(against all Defendants)*

66. The foregoing paragraphs of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

67. As shown by the above, Defendants have acted in bad faith, have been stubbornly litigious, and have caused Access Point undue trouble and expense.

68. Accordingly, Plaintiffs entitled to recover their expenses of litigation, including reasonable attorneys' fees, under O.C.G.A. § 13-6-11.

**WHEREFORE**, Plaintiffs respectfully request that the Court grant judgment in their favor and against Defendants, as follows:

(i) As to Count I:  Judgment against the Guarantors, jointly and severally, for breach of the CapEx Guaranty in the total amount of $2,518,225.76, consisting of $2,200,000.00 in principal, $283,192.12 in accrued interest, $6,306.90 in accrued interest on Loan Interest Advance, and $28,726.74 in fees, with additional interest accruing at the combined (contract and default interest rate) amount of $1,100.00 per day from February 18, 2021 through date of judgment, plus such further interest on Loan Interest Advance, expenses, costs, and attorneys' fees as the same have accrued and continue to accrue under the CapEx Loan Documents, plus post-judgment interest;

(ii)   As to <u>Count II</u>:  Judgment against the Guarantors, jointly and severally, for breach of the Mortgage Guaranty in the total amount of $10,527,392.49, consisting of $9,236,000.00 in principal, $1,150,828.56 in accrued interest, $31,013.73 in accrued interest on Loan Interest Advance, and $109,550.20 in fees, with additional interest accruing at the combined (contract and default interest rate) amount of $3,848.33 from February 18, 2021 through date of judgment, plus such further interest on Loan Interest Advance, expenses, costs, and attorneys' fees as the same have accrued and continue to accrue under the Mortgage Loan Documents, plus post-judgment interest;

(iii)   As to <u>Count III</u>: Reimbursement by Defendants to Plaintiffs for unjust enrichment, to the extent of the value conferred, which includes all amounts due, owing, and accruing under the Loan Documents, and applicable law, including but not limited to, the amount due and payable under the Loan Documents in the total amount of $13,045,618.25, consisting of $11,436,000.00 in principal, $1,434,020.68 in accrued interest, $37,320.63 in accrued interest on Loan Interest Advance, and $138,276.94 in fees, with additional interest accruing at the combined (contract and default interest rate) amount of $4,948.33 per day from

20

February 18, 2021 through the date of judgment, plus such further interest on Loan Interest Advance, expenses, costs, and attorneys' fees as the same have accrued and continue to accrue under the Loan Documents, plus post-judgment interest;

(iv)    As to Count IV:   An award of Plaintiffs' attorneys' fees, costs, and expenses in connection with enforcing its rights under the Loan Documents to the fullest extent permitted under O.C.G.A. § 13-1-11 and Georgia law;

(v)    As to Count V:   An award of Plaintiffs' attorneys' fees, costs, and expenses in connection with enforcing its rights under the Loan Documents to the fullest extent permitted under O.C.G.A. § 13-6-11 and Georgia law; and

(vi)    For such other and further relief as this Court deems just, proper, and equitable.

Submitted this 4th day of March 2021.

s/Graham H. Stieglitz
Graham H. Stieglitz
Georgia Bar No. 682047
Adolyn C. Wyatt

21

Georgia Bar No. 578601
gstieglitz@burr.com
awyatt@burr.com

Attorneys for Plaintiffs Access Point
Financial, LLC as servicer for APF-CPX I,
LLC and Access Point Financial, LLC as
servicer for APF-CRE I, LLC

BURR & FORMAN LLP
171 Seventeenth Street, N.W., Suite 1100
Atlanta, Georgia  30363
(404) 815-3000

45014524 v6